IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY HARRIS,

                                                                            OPINION and ORDER

                Plaintiff,

                                                                            13–cv-486-bbc

    v.

ADAME HASSE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed action styled as one brought under 42 U.S.C. § 1983, plaintiff Jeffrey Harris argues that his constitutional rights were violated when he was forced to sign a document waiving his right to contest the reinstatement of his probation, and his probation was later reinstated without a hearing. The court has concluded previously that plaintiff may proceed without prepayment of the $350 filing fee for this case.

      The complaint is before the court for screening to determine whether plaintiff's allegations are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. After conducting this screening, I conclude that plaintiff's claims must be dismissed without prejudice because they can be brought only as a collateral attack in a petition for a writ of habeas corpus and not under 42 U.S.C. § 1983.

OPINION

Plaintiff provides almost no factual background to his § 1983 claims other than that defendant Adame Hasse, plaintiff's probation officer, told plaintiff that he would "lock [plaintiff] up" if he did not waive his right to contest the reinstatement of probation and that his probation was later reinstated without a hearing. (Plaintiff does not explain what he means by "reinstatement" of his probation, but the record of Dane County case no. 2010CF1948, accessible via the Wisconsin Circuit Court Access online database, shows that plaintiff's probation was extended for one year on June 25, 2013.)  Plaintiff seeks an injunction staying "the execution of arrest warrant, and mandatory appearances."

Causes of action that question either conditions of probation or necessarily imply the invalidity of probation cannot be addressed under § 1983 unless the plaintiff first succeeds in a habeas corpus proceeding challenging the probation conditions or proceedings. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579-580 (7th Cir. 2003) (conditions of parole define perimeters of confinement and therefore challenge to restrictions imposed by parole should be brought as petition for writ of habeas corpus, not under § 1983) (quoting Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)). Because plaintiff has not established the invalidity of his probation by showing that he succeeded in a habeas corpus proceeding challenging the conditions of probation or the proceedings extending his probation, he cannot seek relief under § 1983.

Although plaintiff may still seek relief by filing a habeas corpus action, this court

cannot convert this action into one for habeas corpus on its own motion.  The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice.  Plaintiff may raise his claims in a petition for a writ of habeas corpus but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

ORDER

IT IS ORDERED that

1.  Plaintiff Jeffrey Harris's request for leave to proceed on claims pursuant to 42 U.S.C. § 1983 is DENIED and this case is DISMISSED without prejudice to plaintiff's raising his claims in a petition for a writ of habeas corpus.

2. Plaintiff remains obligated to pay the $350 filing fee for this case.  The clerk of

3

court is directed to note this obligation.

    Entered this 4th day of September, 2013.

                                    BY THE COURT:
                                    /s/
                                  BARBARA B. CRABB
                                  District Judge